UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICARDO PEREZ BELMARES,

                      Petitioner,

v.

DALE SCHMIDT,

                      Respondent.

Case No. 16-CV-1095-JPS

ORDER

---

On August 16, 2016, Ricardo Perez Belmares ("Belmares") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. After pleading guilty in Dane County Circuit Court, Belmares was convicted of disorderly conduct and was sentenced to 10 days in jail and a year of probation. Belmares is currently confined to the Dodge County Detention Facility.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

On the face of Belmares's complaint, an immediate problem becomes clear: Belmares has not sought state court review on any of the claims he

purports to raise in his petition. (Docket #1 at 2-4). Under 28 U.S.C. § 2254(b)(1), habeas petitioners are required to exhaust their claims in the state courts, "meaning that there is no remaining state court with jurisdiction" to hear the claims (*i.e.,* that the petitioner presented his claim to the state's highest court before including it in a habeas petition). *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015); *see also Arrieta v. Battaglia*, 461 F.3d 861, 862 (7th Cir. 2006) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought

under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Mr. Belmares does not allege any attempt to exhaust his purported claims. (Docket #1 at 2-4). In fact, it appears that Mr. Belmares was only just convicted of disorderly conduct in "March or April" of 2016. (Docket #1 at 2). Indeed, public records confirm that Mr. Belmares's judgment of conviction was entered on April 1, 2016. Thus, because Wisconsin state courts have not had a "full and fair opportunity" to review Mr. Belmares's claims, the Court concludes that Mr. Belmares's petition must be dismissed for failure to exhaust state remedies.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Belmares must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists

of reason would find it debatable both that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, no reasonable jurists could debate whether Mr. Mr. Belmares exhausted his claims in state court. As a consequence, the Court is compelled to deny a certificate of appealability as to Mr. Belmares's petition.

Finally, the Court closes with some information about the actions that Mr. Belmares may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

Page 4 of 5
Case 2:16-cv-01095-JPS   Filed 08/26/16   Page 4 of 5   Document 4

IT IS ORDERED that the instant petition for a writ of habeas corpus (Docket #1) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED; and

IT IS FURTHER ORDERED that a certificate of appealability be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge